UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. TURNER,<br><br>        Plaintiff,<br><br>    v.<br><br>C. AMEZCUA, et al.,<br><br>        Defendants. | Case No. 1:23-cv-01447-KES-CDB (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>21-DAY DEADLINE |

Plaintiff Paul A. Turner, a state prisoner, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 in which alleges that Defendants violated his rights under the First, Fourth, and Eighth Amendment of the U.S. Constitution by, among other things, falsely labeling him as a gang member, which resulted in Plaintiff being targeted by other inmates for physical reprisals. (Doc. 1 p. 3).

According to his complaint, Plaintiff submitted a request for administrative relief in connection with his first claim for relief but did not appeal the request to the highest level, stating: "Nothing never happens on a 602 process[,] and they get dismissed." *Id*. For his second claim, Plaintiff alleges that he did appeal his request for relief to the highest level, but states: "I've submitted 602 with no results." *Id*. at 4. For his third claim, Plaintiff alleges that he filed a request for administrative relief, but did not appeal it to the highest level because he apparently received no responses. *Id*. at 5. The complaint does not provide an estimate of when Plaintiff

submitted his grievances or if he ever received a response.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (alteration in original) (citations and internal quotation marks omitted).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, §3480, *et seq*. Compliance with 42 U.S.C. § 1997e(a) requires California-state prisoners to use CDCR's grievance process to exhaust their claims prior to filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. Administrative appeals are generally subject to two levels of review before the remedy is deemed exhausted. Cal. Code Regs. tit. 15, §§ 3481(a)-(b), 3485(a)-(b)); s*ee Sapp*, 623 F.3d at 818

As discussed by the U.S. Supreme Court in *Ross*, 578 U.S. at 639, there are no "special

circumstances" exceptions to the exhaustion requirement. However, "the remedies must indeed be 'available' to the prisoner." Id.  In *Ross*, the Supreme Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates.
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation….
>
> As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id*. at 643-44.

Failure to exhaust is generally an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It appears from the face of the complaint that Plaintiff failed to exhaust administrative remedies as Plaintiff affirmatively pleads that he did not pursue his administrative grievances that are the subject of his first and third causes of action beyond the first level of review.

Accordingly, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this order, to show cause in writing why this action should not be dismissed for his failure to exhaust administrative remedies beyond the first level prior to filing suit. <u>Failure to comply with this order will result in a recommendation that unexhausted claims be dismissed.</u>

IT IS SO ORDERED.

Dated:   **April 9, 2024**

_____
UNITED STATES MAGISTRATE JUDGE